FILED

July 16, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 3:05 PM



## COURT OF WORKERS' COMPENSATION CLAIMS
## AT KINGSPORT

| | | |
|---|---|---|
| Carolyn Sue Newport | ) | Docket No.: 2015-02-0029 |
| Employee, | ) | |
| v. | ) | State File No.: 9209-2015 |
| | ) | |
| BSH Home Appliance Corp. | ) | Date of Injury: January 28, 2015 |
| Employer, | ) | |
| And | ) | Judge: Brian K. Addington |
| | ) | |
| American Zurich Ins. Co. | ) | |
| Insurance Carrier. | ) | |
| | ) | |

## EXPEDITED HEARING ORDER
## (RECORD REVIEW ONLY)

THIS CAUSE came before the undersigned Workers' Compensation Judge on July 13, 2015, upon the Request for Expedited Hearing filed by Carolyn Sue Newport (Ms. Newport), the Employee, on June 9, 2015, pursuant to Tennessee Code Annotated section 50-6-239 (2014) to determine if the Employer, BSH Home Appliance Corporation (BSH) is obligated to provide medical and temporary disability benefits.[1] Considering the positions of the parties, the applicable law, and all of the evidence submitted, the Court concludes that Ms. Newport is not entitled to the requested benefits.

## ANALYSIS

### Issues

1. *Whether Ms. Newport sustained an injury that arose primarily out of and in the course and scope of her employment with BSH.[2]*

---

[1] The parties requested a ruling based on a review of the file without an evidentiary hearing.

[2] The Mediating Specialist did not check "whether Employee sustained an injury that arose primarily out of and in the course and scope of employment with Employer" as an issue on the DCN, but checked "whether Employee sustained an injury in the course of employment with Employer." The mediator marked a disputed issue for the Court to resolve is whether Ms. Newport sustained a compensable injury as defined within the 2014 Workers'

1

2. *Whether BSH is obligated to provide a panel of physicians upon notice from Ms. Newport of an alleged injury.*
3. *Whether Ms. Newport is entitled to any past or future temporary total disability benefits, and if so, in what amount.*
4. *Whether Employee is entitled to any past or future temporary partial disability benefits, and if so, in what amount.*

## Evidence Submitted

The Court admitted into evidence the exhibits below:

1. First Report of Injury one (1) page
2. Panel of Physicians one (1) page
3. Accident Report four (4) pages
4. Medical Records: Occupational Health Systems (OHS) ten (10) pages.

The Court designated the following as the technical record:

- Petition for Benefit Determination (PBD), February 19, 2015
- Letter Attached to PBD-Attorney Ameesh Kherani
- BSH Position Statement, March 12, 2015
- Dispute Certification Notice (DCN), April 8, 2015
- Request for Expedited Hearing, June 9, 2015.

The Court did not consider attachments to the above filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings or any attachments thereto as allegations unless established by the evidence.

## History of Claim

Ms. Newport is a sixty-five (65) year old resident of Campbell County, Tennessee. She works as an assembler for BSH. Ex. 3, page 1. On January 21, 2015, Ms. Newport reported to BHS that she suffered a low-back injury on January 15, 2015. Ms. Newport was unsure how the injury happened, but she did report that her job required "repetitive action, pulling items, bending, and turning of body." Ex. 3, pages 1-2.

BSH provided Ms. Newport a panel of physicians and she chose OHS (Ex. 2). She began treatment on January 21, 2015. Ms. Newport reported, to PA-C Ronald Flowers, the gradual onset of symptoms of pain radiating from her lower back through her left knee to the foot. Ex. 4, page 1. X-rays, according to the providers at OHS,

revealed degenerative disc changes at L5-S1 and findings consistent with spondylolysis at L4 bilaterally. Ex. 4, page 3. PA-C Flowers diagnosed low back strain, spondylolysis, degenerative disc disease, and subjective left knee pain. *Id.* He recommended over-the-counter pain medication and physical therapy. Ex. 4, page 4. Dr. John McElligott signed the treatment notes as the supervising physician. *Id.*

On January 22, 2015, Ms. Newport returned to OHS. She no longer suffered pain in her left leg and her back had improved. Ex. 4, page 6. In the present symptoms section of the medical notes, the following entry appears:

> Note: Patient says that she owns several horses and usually hoists bales of hay to feed them. Currently, as admitted by the patient, she is unable to do the normal tasks that she normally undertakes, due to the recent discomfort in her lower back.

*Id.* The discussion portion of the treatment notes contains this entry:

> After review of the mechanism of injury and/or lack thereof on all diagnoses listed for this evaluation now or related to this evaluation, I do not feel that this injury/exposure is work related. See TN WC Law effective July 1, 2014, TN 50-6-102 (13). Pre-existing conditions are very likely or the MOI is not substantial to provide the present findings or lack of findings.

Ex. 4, page 8. Following the physical exam, Dr. McElligott released Ms. Newport from care. Ex. 4, pages 9-10.

BSH discontinued medical treatment after it received OSH's January 22, 2015 note.

Ms. Newport filed a PBD on February 19, 2015, seeking medical and temporary disability benefits. The parties did not resolve the disputed issues through mediation and the Mediation Specialist filed the DCN on April 8, 2015.

## Ms. Newport's Contentions

Ms. Newport contends that she presented sufficient evidence to establish that she suffered a compensable injury that arose primarily out of and in the course and scope of her employment. She asserts that she is entitled to a panel of physicians for continued care.

## BSH's Contentions

BSH contends that Ms. Newport has submitted insufficient evidence to prove her injury arose primarily out of and in the course and scope of her employment. BHS asserts that the authorized treating physician, OSH, determined that her injury was not related to her employment. BSH avers that Ms. Newport is not entitled to an additional panel of physicians.

## Findings of Fact and Conclusions of Law

### *Standard Applied*

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at \*7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

### *Factual Findings*

Ms. Newport reported a gradually occurring lower back and left leg injury to BSH. BSH provided Ms. Newport a panel of physicians. After x-rays and two examinations, the authorized treating physician determined Ms. Newport's alleged injury was not work-related.

### *Application of Law to Facts*

Ms. Newport did not sustain an injury that arose primarily out of and in the course and scope of employment with BSH. The Workers' Compensation Law defines "injury" and "personal injury" to mean an injury by accident "arising primarily out of and in the course and scope of employment … ." Tenn. Code Ann. § 50-6-102(13)(A) (2014). An injury is "accidental" only if the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence[.] *Id.* An injury "arises primarily out of and in the course and scope of employment" only if it has been shown "by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes… ." Tenn. Code Ann. § 50-6-102(13)(B) (2014).

4

In the case at bar, the authorized treating physician, Dr. McElligott, determined that the "diagnoses" from which Ms. Newport suffered were not work related and very likely pre-existing. Although not eloquent, Dr. McElligott's opinion is sufficiently clear to indicate that Ms. Newport's injury did not arise primarily out of and in the course and scope of her employment.

Ms. Newport has not come forward with sufficient evidence from which this Court concludes that she is likely to prevail at a hearing on the merits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Newport's claim against BSH and its workers' compensation carrier for the requested medical and temporary benefits is denied. At this time, Ms. Newport has not come forward with sufficient evidence from which this Court concludes that she is likely to prevail at a hearing on the merits.

2. This matter is set for Initial Hearing on September 14, 2015, at 10:00 a.m.

**ENTERED this the 16th day of July 2015.**

**Judge Brian K. Addington**
**Court of Workers' Compensation Claims**

Initial Hearing:

An Initial Hearing has been set with **Judge Addington, Court of Workers' Compensation Claims. You must call 865-594-6538 or toll free at 855-543-5044 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten (10) calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten (10) calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The Judge must approve the statement of the evidence before the Court Clerk may submit the record to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 16th day of July, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Ameesh Kherani, Esq. | | | X | akherani@dhdlaw@gmail.com |
| David Weatherman, Esq. | | | X | David.weatherman@zurichna.com |

Penny Shrum /BHG

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

7